Appellant, Paula Lundeen, in her capacity as guardian ad litem of Paige Olmsted, appeals a decision by the Hancock County Court of Common Pleas, Juvenile Division, denying her motion for leave of court to proceed on her previously filed motion for permanent custody of the minor child she represents. For the following reasons, we affirm the judgment of the trial court.
On March 4, 1999, the Hancock County Department of Human Services — Child Protective Services Unit ("CPSU") filed a complaint in the Hancock County Court of Common Pleas, Juvenile Division, alleging that Paige Olmsted ("Paige") was a neglected and dependant child. Thereafter, the court issued an ex-parte order for the removal of Paige from the custody of her mother and placed her in the temporary custody of the CPSU. The court then appointed Appellant, Paula Lundeen, as guardianad litem for Paige.
After two dispositional hearings that continued the temporary custody of Paige with the CPSU and her foster parents, the CPSU filed a Motion for Permanent Custody on January 29, 2001. Subsequently, on February 2, 2001, Appellant also filed a duplicative Motion for Permanent Custody of Paige. Prior to hearing, the CPSU withdrew its previous Motion for Permanent Custody and filed a Motion for Change of Disposition, indicating that a suitable relative had been located with whom the child should be placed.
These various motions came before the juvenile division on May 16, 2001, and the court held that Appellant lacked the authority to file a motion for permanent custody. Additionally, the court granted the CPSU's Motion for Change of Disposition and placed Paige in the custody of her paternal aunt with protective supervision by the CPSU. From this decision, Appellant appeals and asserts the following sole assignment of error.
 Assignment of Error I The trial court erred when it denied the Guardian ad Litem an opportunity to argue and present evidence with regard to her motion for permanent custody and proceeded with the CPSU motion for relative placement.
Appellant cites as authority for her proposition, R.C. 2151.415(F), which provides that:
 The court, on its own motion or the motion of * * * the child's guardian ad litem, * * * may conduct a hearing with notice to all parties to determine whether any order issued pursuant to this section should be modified or terminated or whether any other dispositional order set forth in divisions (A)(1) to (5) of this section should be issued.[1]
 The dispositional orders listed in R.C. 2151.415(A) include "[a]n order permanently terminating the parental rights of the child's parents[.]"[2] From this statutory grant Appellant maintains that she is vested with the authority to file a motion for permanent custody. It is clear from a plain reading of this statutory provision that contrary to the holding of the trial court, Appellant had standing to file the motion to terminate parental rights, which would then trigger the placement of permanent custody of Paige with the CPSU.[3]
 "Permanent custody" is defined in R.C. 2151.011(B)(23) as a legal status that vests in a public children services agency or a private child placing agency, all parental rights, duties, and obligations, including the right to consent to adoption, and divests the natural parents or adoptive parents of all parental rights, privileges, and obligations, including all residual rights and obligations.
 While R.C. 2151.415 does not mention the term "permanent custody" but instead grants a guardian ad litem
the authority to move the court to "terminate parental rights," a reading of these statutes in pari materia
does not preclude a motion for permanent custody to be filed by a guardian ad litem because a termination of parental rights cannot occur without the concomitant vesting of permanent custody. In other words, the termination of parental rights would necessarily cause permanent custody to vest in one of the designated agencies listed in R.C. 2151.011(B)(23) just as if the agency had filed for permanent custody pursuant to its own authority under R.C. 2151.413.[4]
Although different terminology is used in R.C. 2151.413
and 2151.415(A)(4), the result of filing a motion for permanent custody or for a termination of parental rights is identical. Therefore, because the concepts of termination of parental rights and establishment of permanent custody are inherently interdependent, a guardian ad litem may file a motion seeking permanent custody placement with the appropriate public agency.
While it is true that Appellant has the statutory authority to file permanent custody motions, it does not necessarily follow that the trial court was obligated to provide her with an opportunity to present evidence on her Motion for Permanent Custody prior to deciding the CPSU's Motion for Change of Disposition.
When a guardian ad litem files a motion pursuant to R.C. 2151.415(F), the statute further provides that the court "may conduct a hearing * * * to determine * * * whether any * * * dispositional order * * * should be issued."[5] Thus, the trial court not only has the discretionary authority to determine whether evidence should be presented in support of a motion filed pursuant to R.C. 2151.415(F) but the trial court also has discretion to decide whether or not an order relating thereto should be entered. The express terms of the statute, therefore, clearly indicate that the filing of a permanent custody motion does not require the trial court to conduct a hearing or enter the dispositional order of terminating parental rights and vesting permanent custody in the agency. Since the CPSU, the agency to whom permanent custody would be granted, had withdrawn their prior motion for permanent custody and filed a motion seeking a less drastic placement, the trial court was not precluded from first considering and then granting their Motion for Change of Disposition before evidence was presented in support of Appellant's motion. After the granting of the CPSU's motion for relative placement, Appellant's motion became moot.
The discretion afforded in R.C. 2151.415(F) allowed the trial court to avoid a more restrictive determination of permanent custody in the CPSU for a less restrictive option of relative placement. We find the trial court's decision to be well within the confines of its discretionary powers and not an abuse thereof.
 For these reasons, the decision of the trial court is affirmed.
 Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
SHAW and HADLEY, JJ., concur.
[1] R.C. 2151.415(F) (emphasis added).
[2] R.C. 2151.415(A)(4).
[3] See In re: Brian L. (Feb. 25, 2000), Wood App. No. WD-99-038, unreported; In re: Shepherd (Sept. 29, 1999), Highland App. No. 99CA04, unreported.
[4] See Shepard, supra, citing In re Bennett (Nov. 15, 1995), Hamilton App. No. C-950035, unreported.
[5] R.C. 2151.415(F) (emphasis added).